## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:26-cr-00099 |
| v. | (SAPORITO, J.) |
| JOSE ANTONIO CHAVARRIA-MARQUEZ, | |
| Defendant. | |

## ORDER

On May 6, 2026, the defendant was indicted on a felony charge of illegal reentry, in violation of 8 U.S.C. § 1326(a). Doc. 1.

On May 14, 2026, the defendant made his initial appearance on this charge and was arraigned before a United States magistrate judge, with the assistance of a court-appointed interpreter. The Government moved for pretrial detention on the ground that the defendant posed a serious risk of flight, pursuant to 18 U.S.C. § 3142(f)(2)(A). Doc. 6. The magistrate judge held a detention hearing and ordered the defendant detained pending trial, finding that the defendant posed a serious risk of flight if released, and finding by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure the defendant's appearance as required. Doc. 11. In support, the

magistrate judge noted that the weight of the evidence against the defendant was strong, the defendant had significant family or other ties outside the United States, he lacked legal status in the United States, he was subject to removal or deportation after serving any period of incarceration, and he had previously attempted to evade law enforcement (apparently in reentering the United States after deportation). *Id.*

On May 20, 2026, the defendant moved for revocation of the detention order, pursuant to 18 U.S.C. § 3145. Doc. 14. The defendant argued that Government had failed to establish a serious risk that he would flee, as required for detention pursuant to § 3142(f)(2)(A).[1] *Id.* In particular, the defendant contended that the only basis for detention identified by the Government was the defendant's ICE detainer. Doc. 15. The defendant argued that this court and others had repeatedly held that the prospect of involuntary removal by immigration authorities, without more, does not suffice to establish a "serious risk that [the defendant] will

---

[1] *See generally United States v. Sanchez*, No. 3:25-MJ-00026, 2025 WL 2101964, at \*3 (M.D. Pa. July 25, 2025) (noting that a defendant is eligible for detention only if he: "(1) is charged with one of five categories of serious crimes in § 3142(f)(1); (2) poses a serious risk of flight under § 3142(f)(2)(A); or (3) poses a serious risk of obstruction or intimidation under § 3142(f)(2)(B)."). We note that the Government did not rely in this case on either § 3142(f)(1) or § 3142(f)(2)(B) as a basis for detention.

flee" as required by 18 U.S.C. § 3142(f)(2)(A). *Id.*

On June 2, 2026, we held a hearing on the defendant's motion to revoke the detention order in which we reviewed the magistrate judge's detention determination de novo. *See generally United States v. Delker*, 757 F.2d 1390, 1394–95 (3d Cir. 1985).

The defendant's argument that the mere existence of an ICE detainer—and the concomitant prospect of the defendant's involuntary removal from the United States by immigration authorities—does not establish a serious risk of flight under § 3142(f)(2)(A) is well taken. *See United States v. Sanchez*, No. 3:25-MJ-00026, 2025 WL 2101964, at *5 (M.D. Pa. July 25, 2025) ("[I]nvoluntary, imminent ICE removal cannot qualify as 'flight' under § 3142(f)(2)(A), because the individual is not acting out of their own volition but being removed by a governmental authority. . . . [A]n ICE detainer, without more, does not constitute evidence of a defendant's intent to flee."); *accord United States v. Gilbert-Perez*, No. 3:26-CR-00064, 2026 WL 1216756, at *2–3 (M.D. Pa. May 4, 2026). The Government, however, did not rely solely on the existence of an ICE detainer in this case, but also on the nature of the charged offense (illegal reentry) and on the defendant's failure to comply with a prior

lawful administrative order that he be removed from and not reenter from the United States. Thus, we found that the holding of a detention hearing in this case was indeed warranted, and we have conducted a de novo review of the detention determination. *See Sanchez*, 2025 WL 210 1964, at *5–6.

Based upon our consideration of the record before the court, particularly the existence of an ICE detainer that will result in the defendant's placement into civil immigration detention upon release from criminal pretrial detention, we find that the defendant does not pose a serious risk of flight. Moreover, based upon our consideration of the record and the various factors set forth in the Bail Reform Act, 18 U.S.C. § 3142(g), we find that, even in the absence of the ICE detainer, release of the defendant on his own recognizance would be appropriate under the circumstances.[2]

---

[2] Notwithstanding the strength of evidence against the defendant, the charged offense is a non-violent offense likely to result in a sentence of time-served or a minimal period of incarceration. There is no evidence in the record to suggest that the defendant poses a danger to any person or to the community if released. Other than his lack of legal status and his pending removal proceedings, there is nothing in the record before us to suggest that the imposition of conditions upon his release is necessary to ensure his appearance for future proceedings. Whether he is deported

*(continued on next page)*

Accordingly, **IT IS HEREBY ORDERED THAT** the defendant's motion for revocation of detention order (Doc. 14) is **GRANTED**, the court's order of detention pending trial (Doc. 11) is **VACATED**, and the defendant shall be released from criminal pretrial custody on his own recognizance, subject to the civil immigration detainer lodged by ICE.

Dated: June 3, 2026                     *s/Joseph F. Saporito, Jr.*
                                         JOSEPH F. SAPORITO, JR.
                                         United States District Judge

---

prior to adjudication of this criminal case is, of course, largely at the discretion of the executive branch, not the defendant, a risk of nonappearance that is simply not amenable to any conditions this court may impose.